CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKu

NOV 21 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID GRAY,<br>Plaintiff, | Civil Action No. 7:05cv00703 |
| v. | **MEMORANDUM OPINION** |
| OFFICER JERREL, FBOP,<br>Defendant. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Plaintiff David Gray, a federal inmate proceeding pro se, brings this action as a motion for a temporary restraining order. However, the court finds that this motion is properly construed as a civil rights action brought against a federal official pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331.

Gray alleges that defendant Officer Jerrel, without reason threw a "commissary slip" in Gray's face and that when he filed a grievance related to this incident he was placed in administrative segregation. Additionally, Gray alleges that although the prison cells are only designed to hold two people, sometimes three or four prisoners reside in the same cell. However, Gray admits that he is now in a segregation unit and does not allege that the cell in which he was previously housed was overcrowded.

After reviewing his complaint, I find that Gray has failed to raise any claim of constitutional magnitude. Accordingly, I find that his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] In his motion for a temporary restraining order, plaintiff alleges that he is now attempting to exhaust his administrative remedies regarding the aforesaid claims before filing a Bivens action in this court. Accordingly, the court did not base its finding on Gray's failure to exhaust. Rather, the court finds that even if all the facts plaintiff alleges are true, plaintiff still has failed to raise a claim of constitutional

# I.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A. Excessive Force

Gray alleges that without provocation, the defendant threw a commissary slip in his face thereby subjecting Gray to an excessive use of force. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir.

---

magnitude.

2

1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Although Gray claims that the defendant threw a commissary slip in his face, he admits that he suffered no injury. Accordingly, I find that any harm Gray alleges to have suffered is de minimis. Furthermore, I find that merely tossing a piece of paper in an inmate's face does not amount to a use of force "repugnant to the conscience of mankind." As such, I find that plaintiff has failed to state an Eighth Amendment claim and will dismiss this claim pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Living Conditions

To the extent that Gray's claims that his current housing in a segregation unit and

overcrowding in the general housing unit can be construed as a living conditions claim, it too fails. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Additionally, mere allegations of overcrowding do not give rise to an Eighth Amendment violation. Rhodes, 452 U.S. at 347 (1981).

While being placed in administrative segregation pending an investigation of a grievance and being housed in a general population unit which is at times overcrowded, may be inconvenient and unfortunate, Gray has not alleged anything to suggest that these conditions violate contemporary standards of decency nor that he has suffered any injury related to those conditions. Additionally, Gray does not claim that his own cell was overcrowded, rather he makes a general statement that at times three or four people are housed in a single cell.

As Gray has not presented any evidence which suggests that because of these conditions

4

he has sustained a serious or significant injury or is at risk of a future injury, I find that he has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C.     Due Process

Additionally, Gray's claim that he has been placed in segregation without due process lacks merit. Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

Gray fails to allege facts indicating that he has been deprived of any federally protected

liberty interest without due process. Gray has merely been placed in administrative segregation following an investigation into his allegation that he was assaulted by the defendant. Further, Gray has failed to allege any significant hardship or harm as a result of his placement in segregation. As a result, Gray has not shown that he was deprived of any constitutionally-protected liberty interest. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## II.

Based on the foregoing, I find that Gray has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion & Order to plaintiff.

ENTER: This 21st of November, 2005.

Senior U.S. District Judge